UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JUAN BUSTOS ZAPATA,<br><br>Defendant. | Case No. 5:18-cv-01103-EJD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT; ADOPTING AS MODIFIED REPORT AND RECOMMENDATION; GRANTING IN PART MOTION FOR DE NOVO DETERMINARION**<br><br>Re: Dkt. Nos. 33, 42, 46 |

Presently before the Court is Plaintiff's Second Motion for Default Judgment, the Magistrate Judge's Report and Recommendation to Grant in Part and Deny in Part the Motion for Default Judgment (the "Report and Recommendation"), and Plaintiff's Motion for De Novo Determination (the "Motion"). Defendant did not file any objections to the Report and Recommendation and has not otherwise appeared. Plaintiff timely filed the Motion seeking de novo determination of the Magistrate Judge's recommendations that $1,000 be awarded in statutory damages and that no enhanced damages be awarded. These matters are suitable for resolution without oral argument under Civil Local Rule 7-1(b).

The Court has reviewed Plaintiff's Complaint, Motion for Default Judgment and supporting documents, and the Report and Recommendation. Those documents set forth the facts, so the Court does not recount them here, other than to note that this case involves the unlicensed broadcast of a closed-circuit event in violation of Title 47 U.S.C. Section 605. The Magistrate Judge recommended the following award to Plaintiff: $1,000 in statutory damages, no enhanced damages, $3,200 in damages for conversion, $9,789.29 in fees and costs. The Court finds that the

Case No.: 5:18-cv-01103-EJD

1  Report and Recommendation is not clearly erroneous or contrary to law except to (1) the
2  recommended award of statutory damages and (2) the denial of enhanced damages, which are
3  challenged by Plaintiff. The Court now reviews those two determinations de novo. 28 U.S.C.
4  § 636(b)(1).
5  Plaintiff challenges the recommended award of $1,000 in statutory damages. Section 605
6  authorizes damages of "not less than $1,000 or more than $10,000, as the court considers just." 47
7  U.S.C. § 605(e)(3)(C)(i)(II). "A traditional method of determining statutory damages [under
8  Section 605] is to estimate either the loss incurred by the plaintiff or the profits made by the
9  defendants." *Joe Hand Promotions, Inc. v. Ho*, 2009 WL 3047231, at *1 (N.D. Cal. Sept. 18,
10 2009) (citation and quotation omitted). Plaintiff's inspector indicated that Defendants'
11 establishment has a capacity of more than 110 people. Dkt. 17-3. Plaintiff submitted evidence
12 that it charged $3,200 for establishments with capacity of between 101-200 patrons. Dkt. 33-3.
13 The Court finds $3,200 in statutory damages to be appropriate here.
14 Plaintiff argues that the Court should award enhanced damages of $10,000. If a court finds
15 that violations of Section 605 were willfully committed "for purposes of direct or indirect
16 commercial advantage or private financial gain" then the court may enhance damages at its
17 discretion. 47 U.S.C. § 605(e)(3)(C)(ii). When considering whether to enhance damages, courts
18 in this district often consider whether the defendant "(1) advertised the broadcast of the Program
19 to entice a larger crowd, (2) charged a cover to enter the establishment, or (3) charged a premium
20 for food and drinks on the night the broadcast was shown." *J & J Sports Prods., Inc. v. Herrera*,
21 2011 WL 643413, at *4 (E.D. Cal. Feb. 17, 2011); *see also J & J Sports Prods., Inc. v.
22 Concepcion*, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011). Plaintiff does not attempt to
23 show that any of these factors have been met, but rather, argues that "it is established by case law
24 that unlawful broadcasts such as those at issue herein are committed willfully and for purposes of
25 financial gain." Dkt. 46 at 7. Such a rule would render the above factors obsolete and strip courts
26 of their statutory discretion. Because Plaintiff makes no showing that an enhancement is
27 warranted as to these particular defendants and this specific violation, the court declines to
28 Case No.: 5:18-cv-01103-EJD

enhance damages.

Finally, Plaintiff argues that the Court should award more in damages in order to better deter future unlicensed broadcasts. The court finds that the statutory award of $3,200, the $3,200 recommended in damages for conversion, plus the $9,789.29 recommended for in costs and fees to be a sufficient deterrent.

For these reasons, the Court grants in part and denies in part Plaintiff's Motion for Default Judgment, adopts the Report and Recommendation subject to the analysis and modification above, and grants the Motion to the extent that the Court increases the statutory damages, but denies the request to award enhanced damages. Plaintiff may recover $6,400 in damages, and $9,789.29 in costs and fees for a total of $16,189.29.

**IT IS SO ORDERED.**

Dated: August 18, 2019.

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-01103-EJD

3